IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Billy Lee Lisenby, Jr., # 200273, <br> aka Malik Al-Shabazz, <br><br> Petitioner, <br><br> vs. <br><br> Warden Levern Cohen, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C/A No.: 1:11-916-DCN-SVH <br><br><br> REPORT AND RECOMMENDATION |

Petitioner, proceeding *pro se* and *in forma pauperis*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the South Carolina Department of Corrections ("SCDC") refused to process his appeal of Grievance No. RCI-1053-10). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Petitioner was convicted in the prison disciplinary proceedings and lost 150 days of good time and visitation, canteen, and telephone privileges. [Entry #1-1 at 5]. Petitioner claims he appealed to the Administrative Law Court, the South Carolina Court of Appeals, and the Supreme Court of South Carolina. Compl. at 6–7 [Entry #1].

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.     Analysis

Assuming, without deciding, that Petitioner has exhausted his state remedies with respect to the warden's alleged failure to approve and record the disciplinary conviction in accordance with OP-22.14, Section 18.3, the Petition is subject to summary dismissal.

2

Because Petitioner cannot obtain federal habeas corpus relief on his state law claim, dismissal is appropriate. *See Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960) (holding state law issues are not valid grounds for federal habeas corpus relief); *Chance v. Garrison*, 537 F.2d 1212 (4th Cir. 1976) (same); and *Wright v. Angelone*, 151 F.3d 151, 156–58 (4th Cir. 1998) (same). Therefore, the undersigned recommends the district judge dismiss the petition in this matter.

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

May 31, 2011                                             Shiva V. Hodges
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

3